```
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Bright Capture LLC,** | |
| Plaintiff, | Case No. 6:22-cv-00537 |
| v. | Patent Case |
| **GB Group plc,** | Jury Trial Demanded |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Bright Capture LLC ("Plaintiff"), through its attorneys, complains of GB Group plc ("Defendant"), and alleges the following:

### PARTIES

2. Plaintiff Bright Capture LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

3. Defendant GB Group plc is a corporation organized and existing under the laws of the United Kingdom that maintains an established place of business at The Foundation Herons Way, Chester Business Park, Chester, CH4 9GB, United Kingdom.

### JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because, on information and belief, it has engaged in systematic and continuous business activities in this District. As described below, on information and belief, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, on information and belief, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## THE '070 PATENT

8. Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,693,070 (the "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

9. The '070 Patent is entitled, "Receipts scanner and financial organizer," and issued 2014-04-08. The application leading to the '070 Patent was filed on 2013-01-17. A true and correct copy of the '070 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## COUNT 1: INFRINGEMENT OF THE '070 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement**. Defendant has directly infringed, literally or by the doctrine of equivalents, one or more claims of the '070 Patent (e.g., claim 1) in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in Exhibit 2 incorporated into this Count below (among the "Exemplary Defendant Products"), which includes charts comparing exemplary '070 Patent claims to the Exemplary Defendant Products.

12. Plaintiff therefore incorporates by reference the claim charts of Exhibit 2 into its allegations herein.

13. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

14. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '070 Patent is valid and enforceable;

B. A judgment that Defendant has infringed one or more claims of the '070 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's infringement, up until the date such judgment is entered with respect to the '070 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E.    And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

    i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.    that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: May 26, 2022                Respectfully submitted,

                                            /s/ Cortney Alexander
                                            Cortney Alexander
                                            Kent & Risley LLC
                                            5755 North Point Pkwy STE 57
                                            Alpharetta, GA 30022
                                            404-855-3867
                                            cortneyalexander@kentrisley.com

                                            **Counsel for Plaintiff**